## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | | |
|---|---|---|
| DOROTHY ELAINE WILLINGHAM | ) | |
| and TIA COLLINS, on behalf of | ) | |
| themselves and all those similarly situated | ) | |
| who consent to representation, | ) | |
| | ) | Civil Action Number: |
| Plaintiffs, | ) | 4:12-cv-00234-HLM-WEJ |
| | ) | FLSA  Collective Action |
| v. | ) | |
| | ) | Jury Trial Demanded |
| HORIZON SATELLITES INC. | ) | |
| A Georgia Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>PLAINTIFFS' INITIAL DISCLOSURES</u>

Plaintiffs Dorothy Elaine Willingham ("Plaintiff Willingham") and Tia Collins ("Plaintiff Collins") (collectively "Plaintiffs") file their Initial Disclosures pursuant to Local Rule 26.1.

**DISCLOSURE NO. 1:**

      **State precisely the classification of the cause of action being filed, a brief factual outline of the case including Plaintiffs' contentions as to what Defendant did or failed to do, and a succinct statement of the legal issues in the case.**

**RESPONSE NO. 1:**

      **A.     Classification of Cause of Action**

      Plaintiffs, former employees of Defendant Horizon Satellites, Inc. ("Defendant"), bring this action on behalf of themselves and all those similarly situated pursuant to the Fair Labor Standards Act ("FLSA") seeking unpaid overtime compensation.

      **B.     Factual Outline**

      Defendant employed Plaintiff Willingham from on or about August 10, 2008 until on or about August 7, 2012 as a customer service representative/dispatcher working from her home.   Defendant employed Plaintiff Collins from on or about April 23, 2012 until on or about August 7, 2012 as a customer service representative/dispatcher working from her home.

      Defendant contracts with DISH Network Satellites (hereinafter "DISH") to install, maintain, and repair satellite systems in several states including Georgia,

South Carolina, North Carolina, and Virginia.  As customer service representatives / dispatchers, Plaintiffs' duties and the duties of other current and former employees similarly situated were those of customer service representative and dispatch duties working from their homes including obtaining jobs from DISH, communicating jobs and locations to satellite technicians, creating a route form for the technicians to follow, communicating with customers prior to services, and providing customers with a customer survey upon completion of services.

Defendant considered Plaintiffs and those similarly situated as independent contractors.   However, there was not an independent contractor agreement executed between Defendant and Plaintiffs; Defendant set the schedule by which Plaintiffs worked; Defendant determined the time at which Plaintiffs were required to begin work; Defendant determined the time at which Plaintiffs were permitted to conclude work at the end of the day; Plaintiffs' jobs did not require any specialized skill, certification, or training; Defendant provided the training to Plaintiffs in order for them to be able to perform their job; Plaintiffs had no control over how they performed their job duties; Plaintiffs performed their job duties based upon what Defendant told them to do; Defendant required Plaintiffs to accept all assignments it made to them; and Defendant did not allow Plaintiffs to reject any work assignments made to them by Defendant.

Prior to July 2011, Defendant compensated Plaintiffs at a rate of $125 per day.  In approximately July 2011, Defendant compensated Plaintiffs and those similarly situated at a rate of $3 per job that the technicians completed.  Plaintiffs had no control over how many jobs the technicians completed.  If a technician went to a customer's home to perform a service and that service was not completed, Defendant did not compensate Plaintiffs and those similarly situated for that job.  At all times relevant to this action, Defendant regularly scheduled and required Plaintiffs to work in excess of forty (40) hours a week.  At all times relevant to this action, Plaintiffs and those similarly situated worked in excess of forty (40) hours a week.  At all times relevant to this action, however, Defendant had a policy and/or practice of not compensating Plaintiffs and those similarly situated for time worked in excess of forty hours per week on a basis of one and one-half times their regular rate at which it was by law required.

**C.    Legal Issues**

1.    Whether Defendant violated the FLSA when it failed to compensate Plaintiffs and those similarly situated at the rate of time and a half for all hours over forty (40) in a workweek?

2.      Whether Plaintiffs and those similarly situated employees worked over forty (40) hours per week, at any time during the relevant statutory time period, and if so, how many hours?

3.      If Defendant is found to have violated the FLSA, what is the proper method for calculating Plaintiffs' damages and, if the case is certified as a collective action, opt-in Plaintiffs' damages?

4.      If Defendant is found to have violated the FLSA, whether the two-year or three-year statute of limitations is applicable?

5.      If Defendant is found to have violated the FLSA, whether Plaintiffs are entitled to recover liquidated damages and, if the case is certified as a collective action, whether opt-in Plaintiffs are entitled to recover liquidated damages?

6.      If Defendant is liable for unpaid overtime under the FLSA, what is the amount of Plaintiffs' costs and attorneys' fees to be paid by Defendant?

## DISCLOSURE NO. 2:

**Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which Plaintiff contends are applicable to this action.**

## RESPONSE NO. 2:

29 U.S.C. § 201, et seq., as well as all applicable interpretive Federal Regulations and case law, in particular, 29 U.S.C. §§ 203, 206, and 216(b).

**DISCLOSURE NO. 3:**

Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

**RESPONSE NO. 3:**

See Attachment A.

**DISCLOSURE NO. 4:**

Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

**RESPONSE NO. 4:**

Plaintiffs have not identified or retained an expert witness for use at trial at

the time of filing these Initial Disclosures.

**DISCLOSURE NO. 5:**

Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**RESPONSE NO. 5:**

See Attachment C.

**DISCLOSURE NO. 6:**

In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**RESPONSE NO. 6:**

Plaintiffs seek overtime compensation for all hours over forty (40) hours in a given workweek at a rate of time and a half their regular rate, liquidated damages, and attorneys' fees and costs, pursuant to 29 U.S.C. § 216.

During 2012, Plaintiff Willingham was employed by Defendant for thirty-two (32) weeks and Defendant paid Plaintiff Willingham $3 per completed call. The total compensation paid to Plaintiff Willingham for 2012 is believed to be $12,103. During this time period, Plaintiff Willingham worked more than forty (40) hours per workweek. Plaintiffs, however, do not have Plaintiff Willingham's individual, weekly pay records needed to calculate her regular rate and unpaid weekly overtime. For the first portion of 2011, Defendant compensated Plaintiff Willingham approximately $125 per day. At some point in July 2011, Defendant compensated Plaintiff Willingham $3 per completed call. During 2011, Plaintiff

Willingham worked more than forty (40) hours per workweek. Plaintiffs, however, do not have the pay records to distinguish between these two pay plans in order to calculate Plaintiff Willingham's unpaid overtime. Additionally, it is believed that Plaintiff Willingham was paid a total of $28,962 for her fifty-two (52) weeks of work in 2010. During 2010, Plaintiff Willingham worked more than forty (40) hours per workweek. Plaintiffs, however, do not have the pay records to show her weekly pay during this time period to calculate her unpaid overtime.

Plaintiff Collins was employed for seventeen (17) weeks in 2012 and Defendant compensated Plaintiff Collins $3 per completed call for a total year-to-date pay of $4,797. Plaintiff Collins worked over forty (40) hours for each week that she was employed by Defendant. Plaintiffs, however, do not have Ms. Collins' individual, weekly pay records needed to calculate her weekly overtime.

At this time, Plaintiffs are unable to determine the exact amount of their overtime damages because their calculation of damages depends upon receipt of information from Defendant in discovery.

**DISCLOSURE NO. 7:**

**Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

**RESPONSE NO. 7:**

    None known.

**DISCLOSURE NO. 8:**

**Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in Plaintiff's cause of action and state the basis and extent of such interest.**

**RESPONSE NO. 8:**

    None known.

This 3rd day of January, 2012.

                        By:   /s/ Kimberly N. Martin
                              Kimberly N. Martin
                              Georgia Bar No. 473410
                              kmartin@martinandmartinlaw.com

                              Thomas F. Martin
                              Georgia Bar No. 482595
                              tfmartin@martinandmartinlaw.com

                              MARTIN & MARTIN, LLP
                              Post Office Box 1070

Tucker, Georgia 30085-1070
(404) 313-5538 - telephone
(770) 837-2678 - fax

**ATTACHMENT A**
**PLAINTIFFS' WITNESS LIST**


The following is a list of individuals who may have knowledge or information relevant to this case:

1.      Dorothy Elaine Willingham c/o Plaintiffs' counsel

2.      Tia Collins c/o Plaintiffs' counsel

3.      Other current and former customer service representatives/dispatchers

**ATTACHMENT C**
**PLAINTIFFS' DOCUMENT LIST**

1.      Spreadsheets/grids indicating communications with technicians

2.      Documents indicating hours worked

3.      Pay records

**ATTACHMENT D**
**PLAINTIFFS' DOCUMENTS RELEVANT TO DAMAGES**

Each document referenced in Attachment C, above, may also be relevant to damages.  Other documents relevant to damages are in the custody and control of Defendant.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

DOROTHY ELAINE WILLINGHAM )
and TIA COLLINS, on behalf of )
themselves and all those similarly situated )
who consent to representation, )
  )    Civil Action Number:
    Plaintiffs, )    4:12-cv-00234-HLM-WEJ
  )    FLSA  Collective Action
v. )
  )    Jury Trial Demanded
HORIZON SATELLITES INC. )
A Georgia Corporation, )
  )
    Defendant. )

## <u>CERTIFICATE OF SERVICE</u>

    I hereby certify that I have this date served a copy of the foregoing

**Plaintiffs' Initial Disclosures** on counsel for Defendant via CE/ECF electronic

notification as follows:

    Jason Godwin
    j.godwin@bssfirm.com
    Busch, Slipakoff & Schuh, LLP
    3330 Cumberland Boulevard, Suite 300
    Atlanta, Georgia 30339


This 3rd day of January.       /s/Kimberly N. Martin
                               Kimberly N. Martin

- 14 -