UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| DOROTHY ELAINE WILLINGHAM and TIA COLLINS, on behalf of themselves and all those similarly situated who consent to representation, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | Civil Action Number: 4:12-cv-00234-HLM-WEJ FLSA  Collective Action |
| v. | ) ) | |
| HORIZON SATELLITES INC. A Georgia Corporation, | ) ) ) | |
| Defendant. | ) ) | |

## DEFENDANT'S INITIAL DISCLOSURES

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response. <u>Defendant is properly identified.</u>

(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention. <u>Defendant is not aware of any such party.</u>

(3) Provide a detailed factual basis for the defense or defenses and any

counterclaims or cross-claims asserted by defendant in the responsive

pleading.

The Plaintiffs were not directed how to accomplish their tasks; they were not

required to go into a central office; they worked from their own home when they

wanted to; The Plaintiffs were free to reject the assignments if they so desired. Ms.

Willingham was not required to work more than forty (40) hours a week, but

claims that she worked approximately 16 hours a day during her independent

contractor status with Defendant.

Ms. Collins worked on a few months in 2012.  Ms. Collins not directed how to

accomplish her tasks; she was not required to go into a central office; she worked

from her own home when she wanted to.  Ms. Collins claims that she worked in

excess of 17 hours a day during her short independent contractor relationship with

the Defendant.

Both Plaintiffs were given the option in 2012 to relocate and become employees

of the Defendant.  Both Plaintiffs declined this offer by Defendant and instead

chose to terminate their independent contractor status with Defendant.  Neither

Plaintiff is entitled to any further compensation by Defendant, nor is either Plaintiff

entitled to overtime compensation from the Defendant.  Furthermore, Plaintiffs are not entitled to liquidated damages, nor attorneys' fees in this matter.

(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.  29 U.S.C. § 201 et seq., 29 U.SC. §§ 203, 206 and 216(b), as well as all applicable case law and Federal Regulations cited by Plaintiffs.

(5)  Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.(Attach witness list to Initial Disclosures as Attachment A.)

(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

(7) Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.) Defendant has no such damages.

(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name,

4

address, and telephone number of such person or entity and describe in

detail the basis of such liability. <u>Defendant makes no such contention.</u>

(10) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance

agreement under which any person carrying on an insurance business may

be liable to satisfy part or all of a judgment which may be entered in this

action or to indemnify or reimburse for payments to satisfy the judgment.

(Attach copy of insurance agreement to Initial Disclosures as Attachment

E.) <u>N/A.</u>

This 8th day of January, 2013.

> For Defendant Horizon Satellites, Inc.
> <u>/s/ Jason B. Godwin</u>
> Jason B. Godwin
> Ga. Bar No. 142226
> Busch, Slipakoff & Schuh, LLP
> 3330 Cumberland Boulevard
> Suite 300
> Atlanta, Georgia 30339
> Phone:      (770) 790-3550
> Fax:        (770) 790-3520
> jgodwin@bssfirm.com

# EXHIBIT A

Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.

- Christopher Reynolds – (Employee of Horizon Satellites, Inc.); may be reached through the undersigned Defense Counsel.

- Steve Ramsland – (Employee of Horizon Satellites, Inc.); may be reached through the undersigned Defense Counsel.

- The Plaintiffs

- Other independent contractors associated with Defendant.

# EXHIBIT B

Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.

<u>Defendant has not yet identified an expert in this matter.</u>

# EXHIBIT C

Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.

- Pay records and time sheets of Plaintiffs
- Plaintiffs' own tax returns
- Plaintiffs work related documents
- Pay Stubs
- All other documents related to Plaintiffs in the possession of Defendant.

## CERTIFICATION PURSUANT TO LR7.1 NDGa.

The undersigned counsel, pursuant to LR7.1 NDGa., hereby certifies that this filing has been prepared in a font and point selection approved in LR5.1, NDGa., Times New Roman 14, and with margin as specified therein.

This the 8th day of January, 2013.

/s/ Jason B. Godwin
Jason B. Godwin
Ga. Bar No. 142226
Busch, Slipakoff & Schuh, LLP
3330 Cumberland Boulevard
Suite 300
Atlanta, Georgia 30339
Phone:      (770) 790-3550
Fax:        (770) 790-3520
jgodwin@bssfirm.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

DOROTHY ELAINE WILLINGHAM )
and TIA COLLINS, on behalf of )
themselves and all those similarly situated )
who consent to representation, )
)
      Plaintiffs, )
)
v. )
)
HORIZON SATELLITES INC. )
A Georgia Corporation, )
)
      Defendant. )

Civil Action Number:
4:12-cv-00234-HLM-WEJ
FLSA  Collective Action

## CERTIFICATE OF SERVICE

This is to certify that this day I have served the within and foregoing Defendant's Initial Disclosures and Certification Pursuant to LR 7.1D, NDGa. to be served upon all other parties via electronic filing and email using the Court's CM/EMF service, addressed to:

      Kimberly N. Martin
      kmartin@martinandmartinlaw.com
      Georgia Bar No. 473410
      Thomas F. Martin
      tfmartin@martinandmartinlaw.com
      Georgia Bar No. 482595
      MARTIN & MARTIN, LLP
      Post Office Box 1070
      Tucker, Georgia 30085
      (404) 313-5538 / (770) 837-2678 Fax

This the 8th day of January, 2013.

/s/ Jason B. Godwin
Jason B. Godwin
Ga. Bar No. 142226
Busch, Slipakoff & Schuh, LLP
3330 Cumberland Boulevard
Suite 300
Atlanta, Georgia 30339
Phone:        (770) 790-3550
Fax:          (770) 790-3520
jgodwin@bssfirm.com