# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| DOROTHY ELAINE WILLINGHAM and TIA COLLINS, on behalf of themselves and all those similarly situated who consent to representation, ) ) ) ) ) | |
| Plaintiffs, ) ) | Civil Action Number: 4:12-cv-00234-HLM-WEJ FLSA Collective Action |
| v. ) ) | Jury Trial Demanded |
| HORIZON SATELLITES INC. A Georgia Corporation, ) ) ) | |
| Defendant. ) | |

## PLAINTIFFS' FIRST AMENDED COLLECTIVE ACTION COMPLAINT

COME NOW Plaintiffs Dorothy "Elaine" Willingham and Tia Collins (hereinafter "Plaintiffs") by and through their undersigned counsel, and file this First Amended Complaint against Defendant Horizon Satellites Inc. (hereinafter "Defendant") on behalf of themselves and all others similarly situated, pursuant to § 216(b) of the Fair Labor Standards Act of 1938 to include a cause of action for minimum wage, and in support thereof would further state as follows:

## INTRODUCTION

1. The instant action arises from Defendant's violations of Plaintiffs' rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), and specifically the collective action provisions of the FLSA found at § 216(b) to remedy violations of the minimum wage and overtime provisions of the FLSA by Defendant which have deprived Plaintiffs, as well as others similarly situated to the named Plaintiffs, of their lawful minimum and overtime wages.

2. Named Plaintiffs bring this action as a collective action on behalf of themselves and all other similarly situated employees who consent to representation, pursuant to 29 U.S.C. § 216(b). Named Plaintiffs' individual consents to sue and serve as representative attached as Exhibits A & B to Plaintiffs' original Complaint are incorporated herein and need not be refiled.

3. Other current and former employees of Defendant are also entitled to receive minimum wage and overtime compensation for the reasons alleged in this Complaint. The above-named Plaintiffs may be permitted to maintain this action "for and on behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). Any similarly situated current or former employee of Defendant in the position of customer service representative/dispatcher wishing to become a

party plaintiff to this action must provide "his consent in writing to become such a party," and such consent must be filed with this Court.  29 U.S.C. § 216(b).

4. This action is brought to recover unpaid minimum wage and overtime compensation owed to Plaintiffs and other current and former employees of Defendant who are similarly situated to Plaintiffs, pursuant to the FLSA.

5. The named Plaintiffs and any collective group similarly situated were or are employed by Defendant working at various times during their employment by Defendant as customer service representatives/dispatchers.

6. During the employment of Plaintiffs, and for at least three years prior to the filing of this Complaint in the case of any collective group similarly situated, Defendant committed widespread violations of the FLSA by failing to compensate employees at the legally appropriate minimum hourly wage and an overtime rate for hours worked in excess of 40 hours in a given workweek.

7. Plaintiffs and all similarly situated current and former employees of Defendant who elect to participate in this action seek minimum wage compensation, overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

9. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (a) and (c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendant is subject to personal jurisdiction in this District.

## PARTIES

10. Plaintiff Dorothy Elaine Willingham ("Plaintiff Willingham") resides in Dallas, Georgia (within this District) and is a citizen of the United States. Plaintiff Willingham was employed by Defendant from on or about August 10, 2008 until on or about August 7, 2012 as a customer service representative/dispatcher working from her home.

11. Plaintiff Tia Collins ("Plaintiff Collins") resides in Conyers, Georgia (within this District) and is a citizen of the United States. Plaintiff Collins was employed by Defendant from on or about April 23, 2012 until on or about August 7, 2012 as a customer service representative/dispatcher working from her home.

12.At all times material to this action, the named Plaintiffs and any collective group similarly situated were "employees" of Defendant defined by § 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States.  These same individuals are further covered by §§ 203, 206, and 207 of the FLSA for the period in which they were employed by Defendant.

13.Defendant Horizon Satellites Inc. is a corporation formed under the laws of the State of Georgia.

14.Defendant conducts business within this State and District.

15.Defendant is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Keith Ramsey, 4412 Mendi Ct., Suwannee, Georgia 30024.

16.At all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

17.At all times material to this action, Defendant was an "employer" of the named Plaintiffs and of others similarly situated, as defined by § 203(d) of the FLSA.

18. The minimum hourly wage provisions set forth in § 206 of the FLSA apply to Defendant.

19. The overtime provisions set forth in § 207 of the FLSA applies to Defendant.

## FACTUAL ALLEGATIONS

20. Upon information and belief, Defendant contracts with DISH Network Satellites (hereinafter "DISH") to install, maintain, and repair satellite systems in several states including Georgia, South Carolina, North Carolina, and Virginia.

21. The named Plaintiffs' duties and the duties of other current and former employees similarly situated were those of customer service representative and dispatch duties working from their homes including obtaining jobs from DISH, communicating jobs and locations to satellite technicians, creating a route form for the technicians to follow, communicating with customers prior to services, and providing customers with a customer survey upon completion of services.

22. Defendant set the schedule by which Plaintiffs worked.

23. Defendant determined the time at which Plaintiffs were required to begin work.

24. Defendant determined the time at which Plaintiffs were permitted to conclude work at the end of the day.

25. Plaintiffs' jobs did not require any specialized skill, certification, or training.

26. Defendant provided the training to Plaintiffs in order for them to be able to perform their job.

27. Plaintiffs had no control over how they performed their job duties.

28. Plaintiffs performed their job duties based upon what Defendant told them to do.

29. Defendant required Plaintiffs to accept all assignments it made to them.

30. Defendant did not allow Plaintiffs to reject any work assignments made to them by Defendant.

31. Prior to July 2011, Defendant compensated Plaintiffs at a rate of $125 per day.

32. In approximately July 2011, Defendant compensated Plaintiffs and those similarly situated at a rate of $3 per job that the technicians completed.

33. Plaintiffs had no control over how many jobs the technicians completed.

34. If a technician went to a customer's home to perform a service and that service was not completed, Defendant did not compensate Plaintiffs and those similarly situated for that job.

35. At all times relevant to this action, Defendant regularly scheduled and required Plaintiffs to work in excess of forty (40) hours a week.

36. At all times relevant to this action, Plaintiffs and those similarly situated worked in excess of forty (40) hours a week.

37. Plaintiffs did not sign an independent contractor agreement with Defendant.

38. Defendant provided Plaintiff Willingham and those similarly situated with one week of paid vacation per year.

39. Defendant considered Plaintiffs and those similarly situated as independent contractors.

40. However, at all times relevant to this action, Plaintiffs were non-exempt employees for purposes of overtime compensation.

41. At times relevant to this action, Plaintiffs' resulting wages per hour were less than the federal minimum wage and Defendant.

42. Defendant failed to meet the requirements for any exemptions for paying Plaintiffs minimum wage for all hours worked as required under the FLSA.

43. At all times relevant to this action, Defendant had a policy and/or practice of not compensating Plaintiffs and those similarly situated for time worked in excess of forty hours per week on a basis of one and one-half times their regular rate at which it was by law required.

44. Defendant failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 or 213 with respect to Plaintiffs and those similarly situated.

45. Defendant is liable to Plaintiffs for compensation for all time worked in which they were paid at a rate of pay less than the federal minimum hourly wage rate.

46. Defendant is liable to Plaintiffs and those similarly situated for compensation for any and all time worked in excess of forty (40) hours per week at the rate of at least one and one-half times Plaintiffs' regular rate at which Plaintiffs were legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203, 206, and 207.

47. By reason of the said intentional, willful and unlawful acts of Defendant, the named Plaintiffs and other current and former employees similarly situated have suffered damages plus incurring costs and reasonable attorneys' fees.

48. As a result of Defendant's willful violations of the FLSA, the named Plaintiffs and other current and former employees similarly situated are entitled to liquidated damages.

49. The named Plaintiffs have retained the undersigned counsel to represent them and other current and former employees similarly situated and pursuant 29 U.S.C. § 216(b), the named Plaintiffs and other employees similarly situated are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

50. Plaintiffs demand a jury trial.

## COUNT I (MINIMUM WAGE)

51. Plaintiffs repeat and incorporate by reference paragraphs 1-50 herein.

52. Defendant has willfully, intentionally, and/or recklessly engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay minimum wage compensation to Plaintiffs in accordance with §§ 203 and 206 of the FLSA.

53. Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs.

54. As a result of the unlawful acts of Defendant, Plaintiffs have been deprived of minimum wage compensation in an amount to be determined at trial,

and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees, costs and other relief.

### COUNT II (OVERTIME)

55. Plaintiffs repeat and incorporate by reference paragraphs 1-50 herein.

56. By its actions alleged herein, Defendant willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations. Defendant has willfully, intentionally, and/or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime compensation.

57. As a result of Defendant's violations of the FLSA, the named Plaintiffs, as well as other similarly situated employees have suffered damages by failing to receive an overtime in accordance with §§ 203 and 207 of the FLSA.

58. Defendant has not made a good faith effort to comply with the FLSA with respect to its overtime compensation of the named Plaintiffs and other similarly situated former customer service representative/dispatchers of Defendant.

59. As a result of the unlawful acts of Defendant, the named Plaintiffs and all current and former customer service representatives/dispatchers have been deprived of overtime compensation in an amount to be determined at trial, and are

entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees, costs and other relief.

## PRAYER FOR RELIEF

WHEREFORE, the named Plaintiffs, individually and on behalf of all other similarly situated persons who will opt-in to this action, pursuant to § 216(b) of the FLSA, pray for the following relief:

A. That all Plaintiffs be awarded damages for the three years preceding the filing of this Complaint in the amount of their respective unpaid compensation, plus an equal amount of liquidated damages;

B. That all Plaintiffs be awarded pre- and post-judgment interest;

C. That all Plaintiffs be awarded reasonable attorneys' fees;

D. That all Plaintiffs be awarded the costs and expenses of this action; and

E. That all Plaintiffs be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which they may be entitled.

Respectfully submitted this 6th day of February, 2012.

MARTIN & MARTIN, LLP

By: /s/Kimberly N. Martin
Kimberly N. Martin
kmartin@martinandmartinlaw.com

                Georgia Bar No. 473410
                Thomas F. Martin
                tfmartin@martinandmartinlaw.com
                Georgia Bar No. 482595

                MARTIN & MARTIN, LLP
                Post Office Box 1070
                Tucker, Georgia 30085
                (404) 313-5538 / (770) 837–2678 Fax