# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ROME DIVISION

| | | |
|---|---|---|
| DOROTHY ELAINE WILLINGHAM and TIA COLLINS, on behalf of themselves and all those similarly situated who consent to representation, | ) ) ) ) ) | |
| Plaintiffs, | ) | Civil Action No. 4:12-cv-234-HLM-WEJ |
| | ) | |
| v. | ) | FLSA Collective Action |
| | ) | |
| HORIZON SATELLITES INC., A Georgia Corporation, | ) ) | Jury Trial Demanded |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S AFFIRMATIVE DEFENSES AND ANSWER TO PLAINTIFFS' FIRST AMENDED COLLECTIVE ACTION COMPLAINT

**COMES NOW**, Defendant Horizon Satellites, Inc. ("Defendant" or HSI"),

by and through its undersigned attorneys of record and responds to Plaintiffs' First

Amended Collective Action Complaint ("First Amended Complaint"), as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by waiver, laches,

ratification, and/or estoppel.

<u>SECOND AFFIRMATIVE DEFENSE</u>

Some or all of Plaintiffs' and/or putative class members' claims fail because Defendant did not employ them, and was not their employer, during all or part of the time period relevant to this lawsuit.

<u>THIRD AFFIRMATIVE DEFENSE</u>

Plaintiffs are not "similarly situated" to members of the opt-in class Plaintiff seeks to represent under FLSA § 216(b).

<u>FOURTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims, and those of the opt-in class Plaintiffs seek to represent, may be barred in whole or in part by applicable statute of limitations.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

To the extent there were violations of the FLSA, if at all, such were inadvertent, accidental, and/or based upon Defendant's good faith understanding about the requirements of the FLSA.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims are barred, in whole or in part, by lack of standing to bring a collective action and status as exempt as defined under the Fair Labor Standards Act.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims are barred because they were not "employees' within the meaning of the FLSA, but if Plaintiffs are found to be employees, their claims are barred to the extent that the work they performed brought them within the purview of the exemptions provided for in the FLSA, as amended, 29 U.S.C. § 213.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims are barred in whole or in part by exclusions, exceptions, and credits provided for in Section 7 of the Fair Labor Standards Act of 1938, as amended ("FLSA"), including sections 7(e) and 7(h), 29 U.S.C. §§ 2007(e) and (h).

<u>NINTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims are barred in whole or in part by the two year limitations period set forth in Section 6 of the Portal-to-Portal Act, 29 U.S.C. § 255.

<u>TENTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the acts or omissions were not a violation of the FLSA.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiffs were engaged (a) in walking, riding, or traveling to and from the actual place(s) they performed the principal duties they were employed to perform or (b) in activities which were preliminary or postliminary to their principal activities.

TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that they worked unreported ours and did so in violation of Company policy and/or concealed those facts from Defendants.

THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs or any member of the putative class Plaintiffs seek to represent filed for bankruptcy and failed to disclose their purported FLSA claims, such claims are barred and should be dismissed.

**ANSWER**

Defendant answers and responds to the specific numbered paragraphs of Plaintiffs' First Amended Collective Action Complaint as follows:

## INTRODUCTION

1.      Defendant admits only that Plaintiffs bring this action under the FLSA and purports to bring the lawsuit on behalf of those "similarly situated." Defendant denies the allegations contained in paragraph 1 of Plaintiffs' First Amended Complaint including that the case is appropriate for treatment as a collective action under FLSA § 216(b).

2.      Defendant admits only that Plaintiffs have attached consents to sue as exhibits to the original Complaint. Defendant denies the allegations contained in paragraph 2 of Plaintiffs' First Amended Complaint.

3.      Defendant denies the allegations contained in paragraph 3 of Plaintiffs' First Amended Complaint.

4.      Defendant denies the allegations contained in paragraph 4 of Plaintiffs' First Amended Complaint.

5.      Defendant admits that at some point in time it employed the Plaintiffs, but Defendant denies that any other group is similarly situated and the remainder of paragraph 5 of Plaintiffs' First Amended Complaint.

6.      Defendant denies the allegations contained in paragraph 6 of Plaintiffs' First Amended Complaint.

5

7.     Defendant denies the allegations contained in paragraph 7 of Plaintiffs' First Amended Complaint.

## JURISDICTION AND VENUE

8.     Defendant admits this Court has subject matter jurisdiction in actions brought pursuant to the FLSA and 28 U.S.C. § 1331.

9.     Defendant admits that venue is proper in this Court and denies the remainder of the allegations contained in paragraph 9 of Plaintiffs' First Amended Complaint.

## PARTIES

10.     Upon information and belief, Defendant admits that Plaintiff Willingham resides in Dallas, Georgia and is a citizen of the United States. Defendant denies the remaining allegations in Paragraph 10.

11.     Upon information and belief, Defendant admits that Plaintiff Collins resides in Conyers, Georgia and is a citizen of the United States.  Defendant denies the remaining allegations in Paragraph 11.

12.     Defendant denies the allegations contained in paragraph 12 of Plaintiffs' First Amended Complaint.

13.     Defendant admits the allegations contained in paragraph 13 of Plaintiffs' First Amended Complaint.

14.     Defendant admits the allegations contained in paragraph 14 of Plaintiffs' First Amended Complaint.

15.     Defendant admits the allegations contained in paragraph 15 of Plaintiffs' First Amended Complaint.

16.     Defendant denies the allegations contained in paragraph 16 of Plaintiffs' First Amended Complaint as stated.

17.     Defendant denies the allegations contained in paragraph 17 of Plaintiffs' First Amended Complaint.

18.     Defendant denies the allegations contained in paragraph 18 of Plaintiffs' First Amended Complaint.

19.     Defendant denies the allegations contained in paragraph 19 of Plaintiffs' First Amended Complaint.

## FACTUAL ALLEGATIONS

20.     Defendant admits it is in a contractual relationship with Dish Network Satellites ("Dish") and states that the contract between Defendant and Dish is a written document which speaks for itself.  Defendant denies all of the allegations contained in paragraph 20 that conflict with the written contract.

21.     Defendant denies the allegations contained in paragraph 21 of Plaintiffs' First Amended Complaint as stated.

22.     Defendant denies the allegations contained in paragraph 22 of Plaintiffs' First Amended Complaint.

23.     Defendant denies the allegations contained in paragraph 23 of Plaintiffs' First Amended Complaint.

24.     Defendant denies the allegations contained in paragraph 24 of Plaintiffs' First Amended Complaint.

25.     Defendant denies the allegations contained in paragraph 25 of Plaintiffs' First Amended Complaint.

26.     Defendant denies the allegations contained in paragraph 26 of Plaintiffs' First Amended Complaint.

27.     Defendant denies the allegations contained in paragraph 27 of Plaintiffs' First Amended Complaint.

28.     Defendant denies the allegations contained in paragraph 28 of Plaintiffs' First Amended Complaint.

29.     Defendant denies the allegations contained in paragraph 29 of Plaintiffs' First Amended Complaint.

30.     Defendant denies the allegations contained in paragraph 30 of Plaintiffs' First Amended Complaint.

31.    Defendant denies the allegations contained in paragraph 31 of Plaintiffs' First Amended Complaint as stated.

32.    Defendant denies the allegations contained in paragraph 32 of Plaintiffs' First Amended Complaint as stated.

33.    Defendant denies the allegations contained in paragraph 33 of Plaintiffs' First Amended Complaint.

34.    Defendant denies the allegations contained in paragraph 34 of Plaintiffs' First Amended Complaint as stated.

35.    Defendant denies the allegations contained in paragraph 35 of Plaintiffs' First Amended Complaint.

36.    Defendant denies the allegations contained in paragraph 36 of Plaintiffs' First Amended Complaint.

37.    Defendant admits the allegations contained in paragraph 37 of Plaintiffs' First Amended Complaint.

38.    Defendant admits the allegations contained in paragraph 38 of Plaintiffs' First Amended Complaint.

39.    Defendant admit the allegations contained in paragraph 39 of Plaintiffs' First Amended Complaint.

40.     Defendant denies the allegations contained in paragraph 40 of Plaintiffs' First Amended Complaint.

41.     Defendant denies the allegations contained in paragraph 41 of Plaintiffs' First Amended Complaint.

42.     Defendant denies the allegations contained in paragraph 42 of Plaintiffs' First Amended Complaint.

43.     Defendant denies the allegations contained in paragraph 43 of Plaintiffs' First Amended Complaint.

44.     Defendant denies the allegations contained in paragraph 44 of Plaintiffs' First Amended Complaint.

45.     Defendant denies the allegations contained in paragraph 45 of Plaintiffs' First Amended Complaint.

46.     Defendant denies the allegations contained in paragraph 46 of Plaintiffs' First Amended Complaint.

47.     Defendant denies the allegations contained in paragraph 47 of Plaintiffs' First Amended Complaint.

48.     Defendant denies the allegations contained in paragraph 48 of Plaintiffs' First Amended Complaint.

49.   Paragraph 49 of Plaintiff's First Amended Complaint does not contain an allegation of fact that requires a response from Defendant. To the extent a response is required, Defendant denies the allegations therein.

50.   Paragraph 50 of Plaintiffs' First Amended Complaint is a jury demand and requires no response.  To the extent that this paragraph requires a response, Defendant denies that Plaintiffs are entitled to a jury trial for the reasons cited in Defendant's Affirmative Defenses and Answer.

## COUNT I (MINIMUM WAGE)

51.   In response to the allegations contained in paragraph 51 of Plaintiffs' First Amended Complaint, Defendant hereby incorporates by reference its affirmative defenses and answer to paragraphs 1 through 50 of Plaintiffs' First Amended Complaint as if fully set forth herein.

52.   Defendant denies the allegations contained in paragraph 52 of Plaintiffs' First Amended Complaint.

53.   Defendant denies the allegations contained in paragraph 53 of Plaintiffs' First Amended Complaint.

54.   Defendant denies the allegations contained in paragraph 54 of Plaintiffs' First Amended Complaint, and denies that Plaintiffs are entitled to any of the relief sought in paragraph 54.

11

## COUNT II (OVERTIME)

55.    In response to the allegations contained in paragraph 55 of Plaintiffs' First Amended Complaint, Defendant hereby incorporates by reference its affirmative defenses and answer to paragraphs 1 through 54 of Plaintiffs' First Amended Complaint as if fully set forth herein.

56.    Defendant denies the allegations contained in paragraph 56 of Plaintiffs' First Amended Complaint.

57.    Defendant denies the allegations contained in paragraph 57 of Plaintiffs' First Amended Complaint.

58.    Defendant denies the allegations contained in paragraph 58 of Plaintiffs' First Amended Complaint.

59.    Defendant denies the allegations contained in paragraph 59 of Plaintiffs' First Amended Complaint, and denies that Plaintiffs are entitled to any of the relief sought in paragraph 59.

## PRAYER FOR RELIEF

Defendant requests a jury trial, should the Court determine that a triable issue exists in this matter.  Defendant further requests that the Court dismiss Plaintiffs' First Amended Complaint in its entirety, Defendant recover its reasonable attorneys' fees from Plaintiffs and that the Court cast all costs upon the

12

Plaintiffs.  Defendant also requests that the Court award it any and all other legal remedies to which it may be entitled.

This 15th day of March, 2013.

/s/ Edward N. Boehm, Jr.
Tracy L. Moon, Jr.
Georgia Bar No. 518050
Edward N. Boehm, Jr.
Georgia Bar No. 183411
FISHER & PHILLIPS LLP
1075 Peachtree Street, NE
Suite 3500
Atlanta, Georgia  30309
Tel: 404-231-1400
Fax: 404-240-4249
tmoon@laborlawyers.com
tboehm@laborlawyers.com

Jason B. Godwin
Georgia Bar No. 142226
BUSCH, SLIPAKOFF & SCHUH, LLP
3330 Cumberland Boulevard
Suite 300
Atlanta, GA 30339
Tel:  770-790-3550
Fax:  770-790-3520
jgodwin@bssfirm.com

ATTORNEYS FOR DEFENDANT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| DOROTHY ELAINE WILLINGHAM and TIA COLLINS, on behalf of themselves and all those similarly situated who consent to representation, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 4:12-cv-234-HLM-WEJ |
| v. | ) ) | FLSA Collective Action |
| HORIZON SATELLITES INC., A Georgia Corporation, | ) ) ) | Jury Trial Demanded |
| Defendant. | ) ) | |

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have on this 15th day of March, 2013, filed the foregoing **Defendant's Affirmative Defenses and Answer to Plaintiffs' First Amended Collective Action Complaint** by using the CM/ECF system which will send notification to the following counsel of record:

Kimberly N. Martin
Thomas F. Martin
Martin & Martin, LLP
P.O. Box 1070
Tucker, GA 30085

*/s/Edward N. Boehm, Jr.*
Edward N. Boehm, Jr.

ATTORNEY FOR DEFENDANT

14